RECEIVED
NOV 22 2004
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| CALVIN GILLINGS | ) |
| | ) 4:04-cv-660 |
| v. | ) No. 96CR93 |
| | ) Charles R. Wolls |
| | ) Honorable Judge |
| UNITED STATES OF AMERICA | ) |

---

Pursuant to Newly Discovered Evidence 28 U.S.C. 2255, A Violation of the Fifth and Sixth Amendments, Unconstitutional U.S.S.G. Guideline Enhancements

---

Comes now, Calvin Gillings, **PRO-SE**, (Petitioner) into the Honorable Court with newly discovered evidence of unconstitutional enhancements of the U.S. Sentencing Guidelines to violate the Petitioner's Fifth and Sixth Amendment rights. The Federal Guidelines violated the Sixth Amendment right to a jury trial insofar as they authorize enhanced sentence based on facts found by a judge.

## FACTS

On October 4, 1996, the Petitioner was arrested and held responsible for <u>14.73</u> grams of cocaine base and <u>95.72</u> grams of cocaine powder.

On March 18, 1997, the Petitioner was convicted by a jury of both counts charged in the indictment. Petitioner's applicable

1

guidelines was calculated at base offense level **26**. Thereafter the Court enhanced the Petitioner's base offense level from **26** to **37**, an **11** point higher than normal increase. On August 2, 1996 the Petitioner was charged in a two (2) count indictment charging did knowingly and intentionally possess with the intent to distribute cocaine, Count 2, a schedule II controlled substance. Did knowingly and intentionally possess with the intent to distribute cocaine base, also known as "crack", a schedule II controlled substance, Count one (1).

## ARGUEMENT/AUTHORITIES

Petitioner's Sixth Amendment has been violated by the means of illegal enhancements. The court decision in **BOOKER**, the Seventh Circuit held that the Federal Guidelines violate the Sixth Amendment right to a jury trial insofar as they authorize the enhanced sentences based on facts found by a judge. In **FANFAN**, the U.S. District court for the District of Maine, likewise determined that **BLAKELY** applies to the Federal Sentencing Guidelines. The District Court also concluded that it was thus restricted to sentencing the defendant to a maximum term under the Federal Sentencing Guidelines based solely on the facts found by the jury. However the Supreme Court has granted certiorari in both cases.

Petitioner did not admit to be illegally enhanced, therefore Petitioner's Sixth Amendment right was violated by the imposition of an enhanced sentence under the U.S. Sentencing Guidelines based on the sentencing judge's determination, as well as the

2

Petiioner's constitutional rights are not compromised by severability.

Petiioner's Fifth and Sixth Amendments were violated by illegal enhancements under the sentencing guidelines. Today in failing to correct the overall sentence knowing there were no drug amounts alleged in the indictment, the Court went beyond constitutional legality imposing enhancements that were not proved beyond a reasonable doubt before a jury violated the Petitioner's Fifth and Sixth Amendments that bear a cumulative effect, in U.S. v. BOOKER 75 crl 467 (7th Cir. 2004). In Booker the Seventh Circuit held that the Federal Guidelines violated the Sixth Amendment right to a jury trial insofar as they authorize enhanced sentence based on facts found by a judge. The Supreme Court's decision in BLAKELY v. WASHINGTON, 02-1632 (US 2004) held that sentencing schemes that allow sentences to be enhanced on the basis of facts other than those found by the jury in convicting the defendant violated the Sixth Amendment right to a jury trial as explained in APPRENDI v. NEW JERSEY, 530 U.S. 466, 67 WL 483 (2000).

Petitioner is requesting to raise claims in this 28 U.S.2255 motion, namely, that the District Court violated the Petitioner's Sixth Amendment right to a jury trial by enhancing the sentence under the Federal Sentencing Guidelines based on no drug was alleged in the indictment, and the Petitioner's relevant conduct and the calculation of the offense level from __26__ to __37__, when the facts supporting those guideline enhancements were neither

3

mentioned during jury instructions, nor proved to a jury beyond a reasonable doubt. Petitioner's claims rely on a new rule of constitutional law, BLAKELY v. WASHINGTON, No. 02-1632 (US 2004) U.S. v. BOOKER, and FANFAN.

In Blakely, the Supreme Court revisited the rule in APPRENDI v. NEW JERSEY, 530 U.S. 466, 490, 120 S.ct., 2348, 2362-63, 147 L.Ed. 2d 435 (2000) which held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt". BLAKELY, slip op. at 5. The Court considered whether the sentencing procedure followed by the courts in the state of Washington deprived BLAKELY of his "Federal Constitutional right to have a jury determine beyond a reasonable doubt all facts legally essential to his sentence". Id. at 4. The state's sentencing guideline scheme under which Blakely was sentenced permitted sentencing judge to depart upward from a "standard" sentencing range if the judge found "substantial and compelling reasons justifying an exceptional sentence". Washington's Sentencing Reform Act, however, specified a standard range of 49 to 53 months for Blakely's offense of second-degree kidnapping with a firearm. At sentencing, the Court rejected this standard range and imposed an "exceptional sentence" of 90 months imprisonment on the grounds that Blakely had acted with "deliberate cruelty", a statutory enumerated ground for departure in domestic violence cases.

As we all are aware, the Supreme Court has granted certiorari

4

in BOOKER and FANFAN as imposition of sentence and serverability. Petitioner will request this petition be held in abeyance until an opinion is rendered.

For the foregoing reason Petitioner moves the Court to correct the illegal enhancements as well as no drug amount in the Petitioner's indictment and order the Petitioner back for the hearing or as the Court deem neccessary.

Respectfully submitted,

*Calvin Gillings*
Calvin Gillings 09245-424
FCI ELkton
P.O. Box 10
Lisbon, OH. 44432

executed on this 12th day of November 2004.

CERTIFICATE OF FILING

I, Calvin Gilling, an inmate at FCI Elkton facility, hereby declare that the Petitioner placed one (1) original and two copies of §2255 motion, on Newly discovered evidence in the institutional internal mail system on the 12th day of November 2004. Materials are addressed to the Clerk of the U.S. Court, District Court and sent first class, postage prepaid.

                                    By: Calvin Gillings 09245-424
                                         FCI Elkton
                                         P.O. Box 10
                                         Lisbon, OH. 44432

Executed on this 12th day of November 2004.

                                                            *Calvin Gillings*
                                                            Calvin Gillings