IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br>     Plaintiff-Respondent, ) <br> ) <br> vs. ) <br> ) <br> CALVIN C. GILLINGS, ) <br>     Defendant-Petitioner, ) | Cause Number: 96-93 |

MOTION FOR RECONSIDERATION OF THE DENIAL
OF PETITIONER'S REQUEST OF APPOINTMENT
OF COUNSEL

    **COMES NOW**, petitioner, pro se, pursuant to Federal Rules of Appellate Procedures, Rule 40, for a rehearing, or reconsideration.

    Petitioner request that this court reconsider its ruling dated the 2nd day of June, 2008. In support, petitioner states the following.

    The Order of June 2, 2008, summarily denying petitioner's request for appointment of counsel. Although, this motion is non-artfully crafted by Mr. Gillings, a pro se litigant, whom filing from his prison-setting in Elkton, Ohio. The fundamental of this motion is based upon the federal law and authorities at the time of petitioner's arrest, trial, and sentence. This material is explicit and accurate to the best of petitioner's knowledge.

    The Order (decision) of this court is in conflict with all the decision of the United States Supreme Court, the mother court of judicial interpretation branch of the government.

    The petitioner was charged and adjudicial guilty after the Sentencing Guidelines Manual Appendix "C", Amendment 506, which

in terms states 506 Amendment:

The Commentary to §4B1.1 captioned "Application Notes" is Amended in Note 2 by deleting:

> "Offense Statutory Maximum' refers to the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence, or controlled substance offense"..... and inserting in lieu Thereof:
>
> ['Offense Statutory Maximum', for the purposes of this guideline, refers to the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense, not including any increase in the maximum term under a sentencing enhancement provision that applies because of the defendant's prior criminal record (such sentencing enhancement provisions are contained for example, in 21 U.S.C. §841 (b)(1)(A), (b)(1)(B), (b)(1)(C), and (b)(1)(D). Where the statutory maximum term of imprisonment under 21 U.S.C. §841(b)(1)(C) is increased from twenty years to thirty years because the defendant has one or more qualifying prior drug convictions, the 'offense statutory maximum' for the purpose of this guideline is twenty years and not thirty years.]

Reason for Amendment: This amendment defines the term "offense statutory maximum" in §4B1.1 to mean the statutory maximum prior to any enhancement based on prior criminal record (i.e.), an enhancement of the statutory maximum sentence that itself was based upon the defendant's prior criminal record will not be used in determining the alternative offense level under this guideline. This rule avoids unwarranted double counting, as well as unwarranted disparity associated with variation in the exercise of prosecutorial discretion in seeking enhanced penalties based on prior convictions. It is noted that when the instruction to the Commission that underies §4B1.1 (28 U.S.C. §994(h)) was enacted by the Congress in 1984, the enhanced maximum sentences provides for recidivist drug offenders (e.g., under 21 U.S.C. §841) did not exist.

EFFECTIVE DATE: THE EFFECTIVE DATE OF THIS AMENDMENT IS NOVEMBER 1, 1994.

This amendment were in effect until November 1, 1997 when the amendment were changed via Amendments 546, and 567. The petitioner here were sentenced by the erroneous guideline, because

at the time of petitioner's sentence (July 18, 1997-Friday, @ 1:30 p.m.), Amendment 506 was ireffective at that time, and should have been applied to the petitioner, unless the petitioner signed a waiver stating that he agreed to be sentence under the upcoming new amendment.

This petitioner should have been sentenced with the offense statutory maximum of 40 years, under 4B1.1(b)-(B), 25 years or more, because his maximum sentence was 40 years and not life, with his guideline range (should have been) level 26, with 110 - 137 months without the career offender statute attached to his sentence.

At the same time, the Sentencing Commission has also acknowledged that this career offender guideline can be problematic, particularly when it is based on prior drug trafficking offenses.

## CONCLUSION

Wherefore, by this not being a matter of judicial discretion, petitioner'a sentence was and still is in violation of Due Process of the Federal Constitution and Law when this court sentenced the petitioner to the sentencing guidelines amendments 546, and 567, even when these amendments were not retroactive, or in effect at the time of sentencing of this petitioner, and should have never applied to this petitioner, unless this petitioner agreed to be sentenced under an amendment that was not yet in effect or law at the time this petitioner was charged or sentenced.

Therefore, this court should re-open the petitioner's sentence and allow the petitioner to be sentence under the proper applicable guidelines and law, and to allow this petitioner to file for the sentence reduction that due him under the sentencing guideline

amendment 706.

Respectfully submits;

*Calvin Gillings*
Calvin C. Gillings #09245-424
Federal Correctional Institution-Elkton
Post Office Box 10
Lisbon, Ohio 44432

### CERTIFICATE OF SERVICE

I hereby certify to the penalty of perjury, and pursuant to Title 28 United States Code, § 1746, that a true correct copy of this foregoing Motion For Reconsideration of the Denial of Petitioner's Reqwest of Appointment of Counsel has been served upon the Assistance United States Attorney Cliff Wendel, for the Southern District of Iowa, 110 East Court Avenue-Suite 286, Des Moines, Iowa 50309-2053, on this __9__ day of June, 2008, by placing said copy in the prison legal mail box with affixed proper prepaid postage attached.

Respectfully Submits,

*Calvin Gillings*
Calvin C. Gillings, pro se

filed
ccg/CCG

-4-

Mr. Calvin Gillings #09245-424
Federal Correctional Institution-Elkton
Post Office Box 10
Lisbon, Ohio 44432

08 JUN 16 AM 10:05
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IA

Clerk for
United States District Court
United States Courthouse
Post Office Box 9344
Des Moines, Iowa 50306-9344

June 11, 2008

Re: United States v. Gillings
    Cause Number: 4-96-CR-93

    Reconsideration of the Denial-
    Appointment of Counsel         /

Dear Sir;

Enclosed you will find the original and two (2) true correct copies of the foregoing motion for reconsideration of the denial of petitioner's request for appointment of counsel.

Please mark filed for the courts' consideration, and send marked stamped copy back to petitioner for his records.

I wish to take this time to thank you in advance for your cooperation in this matter.

Respectfully submits

/s/ Calvin Gillings
Calvin C. Gillings, pro se.

filed
CCG/ccg

NAME McCalvin Gillums D/A
REG.# 09245-029
Federal Correctional Institution
P.O. BOX 10
Lisbon, OH 44432

JUN 9 2008 PM YOUNGSTOWN, OH 445
JUN 11 2008 PM YOUNGS

Clerk, United States Dist.
U.S. Court House
P.O. Box 9344
Des Moines, Iowa 50306-9344

Legal Mail