RECEIVED
DEC 16 2011
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF IOWA

UNITED STATES OF AMERICA,
            Plaintiff,

Case NO. 96-93

V.

Hon: Charles R. Wolle

CALVIN GILLINGS
            Defendant.

REPLY TO COURT'S LETTER FOR EXPLANATION
OF QUALIFICATION FOR AMENDMENT 750

Now Comes Calvin Gillings pro se, with this reply to the District Court's November 22, 2011 letter, requesting a explanation why Mr. Gillings qualify for Amendment 750, when the career offender provision under U.S.S.G. 4B1.1 resulted in a sentence greater than the guideline range. Mr. Gillings states for his reply as follow:

Mr Gillings was convicted on two counts of possession with intent to distribute in violation of 21 U.S.C. 841(a)(1). Invoking sentencing guideline § 2D1.1 the probation Department calculated his applicable guideline to be a total offense level 26.. but raised to 37, and a criminal history category VI, the guideline prescribed a sentencing range of 360 months to life.

Mr. Gillings was sentenced to 360 months. However, Count one's drug quantity was only 14 grams of crack; and count Two's drug quantity was 95 grams of cocaine powder. Which when converted to marihuana equivalent has a base offense level of 26, criminal history category V, sentencing range of 110 to 137 months. Yet during Mr. Gillings sentencing (Exhibit-1, attached), the government advised the Court, "that were it not for the

career offender provision, the defendant would, in any event, under the application of the guidelines, has a criminal history category V and that actually a sentence of 360 months would fall within the guideline sentence that would apply, in any event if career offender were not applied."

This was error on the government's part. This erroneous underlying guideline calculation, that Mr. Gillings guideline calculation would require a sentence of 360 months, without the career offender provision, influenced the Court's conclusion that Mr. Gillings should receive a sentence of 360 months. Furthermore, under U.S.S.G. 4B1.1 Mr. Gillings drug amounts has a statutory maximum of 40 years, therefore his offense level should have been 34 not 37 which the court utilized. If not for this error Mr. Gillings would have received an original sentence range of 262 to 327 months, for an offense level 34, criminal history category VI.

Furthermore, the original sentence did not consider the crack/powder cocaine disparity, which was 100 to 1 ratio. Now in light of the Fair Sentencing Act and Amendment 750, the sentencing disparities between crack and powder cocaine has been reduced to 18 to 1. Therefore, under Amendment 750 Mr. Gillings 14.73 grams of crack and his 95.72 grams of cocaine powder, converted to marihuana equivalent results in 72.172 KG of marihuana equivalent, which has a base offense level of 22, criminal history category V, sentencing range of 77 to 96 months.

Therefore, in light of Amendment 750, and the fact the Court utilized an incorrect offense level to sentence Mr. Gillings, this Court has discretion pursuant to 18 U.S.C. 3582(c), to consider the crack/powder cocaine disparity, and the unique exception this case presents, due to the minor nature of Mr. Gillings previous past criminal record, and the instant offense has a sentencing range of 77 to 96 months without the career offender provision, and the Court initially utilized the wrong base offense

level, based on the government's argument.

In setting a new sentence, the Court considers the factors set forth in 18 U.S.C. 3553(a), including:

1) the nature and circumstance of the offense and history and characteristics of the defendant;2) the need for the sentence imposed: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Mr. Gillings has served 15 years and two months on a erroneous 30 year sentence, when today the sentence for the instant offense is 77 to 96 months. Such a sentence served absolutely and adequately reflects the seriousness of the offense and provides just punishment. In addition Mr. Gillings has attached his progress report while in prison, showing he has been a model inmate, as well as the many accomplishments in various courses he has completed.

Simple justice and common decency suggest Mr. Gillings ought to be afforded an opportunity to have this Court utilize its discretion and consider that the sentence imposed was a result of the government's misapplication of the guidelines, and was driven by fear of a flood -( tide of crack cocaine. Which the intervening years have enligtened the Court's, Congress and Sentencing commission's view on this drug. See United States v. Poindexter, 550 F.Supp 2d. 578,580 (E.D.Pa. 2008)(reducing career offender's sentence pursuant to the crack cocaine amendment); United States V. Miller, 2010 U.S. Dist. Lexis 79763 (D.Mn. 2010)( reducing Career offender offender sentence pursuant to crack cocaine amendment).

3

Therefore, Mr. Gillings prays this honorable Court utilize its discretion in applying Amendment 750, in considering the crack/ powder cocaine disparity in his guideline range, along with the proper offense level 34 for his drug quantity under the career offender provision, and grant a appropriate departure in the interest of justice.

Date: December 12, 2011

Respectfully submitted

*Calvin Gillings*
Calvin Gillings # 09245-424
FCI Elkton
P.O. Box 10
Lisbon, Ohio 44432


CC.
AUSA OFFICE

1  note 2 for sentencing guideline 4B1.1, that there's apparently
2  a very strong public policy for application of career offender
3  as being the requirement of the statute, and those cases are
4  United States versus LaBonte, L-A capital B-O-N-T-E, 117
5  Supreme Court 1673, a 1997 United States Supreme Court case;
6  United States versus Arnold, 115 F.3d 621, a 1997 Eighth
7  Circuit case; and United States versus Robinson,
8  R-O-B-I-N-S-O-N, cited as 1997 WESTLAW 378625, an Eighth
9  Circuit case, in fact, coming out of Iowa, a July 10, 1997
10 Eighth Circuit case.
11         And I think that those cases speak not only of the
12 fact that the sentencing commission was wrong in drafting the
13 lenient portion of application note 2, but speak very strongly
14 to the idea that the statutorily commanded public policy of
15 the United States is that career offenders fitting the profile
16 of the defendant here should be punished, and that includes
17 the mandatory punishment under this particular guideline of a
18 criminal history level VI.
19         I would further note to the court that were it not
20 for the career offender provisions, the defendant would, in
21 any event, under the application of the guidelines, have a
22 criminal history level V and that actually a sentence of 360
23 months would fall within the guideline sentence that would
24 apply, in any event, even if career offender were not
25 applied.

```
ELKCZ              *       INMATE EDUCATION DATA        *      11-30-2011
PAGE 001 OF 001 *               TRANSCRIPT              *      10:39:46

REGISTER NO: 09245-424      NAME..: GILLINGS                FUNC: PRT
FORMAT.....: TRANSCRIPT     RSP OF: ELK-ELKTON FCI

------------------------------ EDUCATION INFORMATION ------------------------------
FACL ASSIGNMENT DESCRIPTION              START DATE/TIME STOP DATE/TIME
ELK  ESL HAS    ENGLISH PROFICIENT       08-29-1997 0001 CURRENT
ELK  GED HAS    COMPLETED GED OR HS DIPLOMA 08-22-1997 1425 CURRENT

------------------------------ EDUCATION COURSES ------------------------------
SUB-FACL   DESCRIPTION                   START DATE  STOP DATE  EVNT AC LV  HRS
ELK        CHARACTER WORKS-RPP<PG>       04-16-2009  06-03-2009   P  C  P    8
ELK        INSIDE OUT SELF DEVELOPMENT   08-03-2008  08-03-2008   P  C  P   12
ELK        LEATHER CRAFT                 02-29-2008  04-12-2008   P  C  P    8
ELK        ANGER MANAGEMENT              04-25-2007  04-25-2007   P  C  P   10
ELK        YOGA                          04-17-2006  08-17-2006   P  C  P   24
ELK        DBL/NOTHIN GAMBLNG GRP-RPP<PG> 03-17-2006 05-09-2006   P  C  P    7
ELK        GUITAR                        05-20-2005  08-04-2005   P  C  P   10
ELK        AIDS AWARENESS-RPP<HN>        10-24-2003  10-24-2003   P  C  P    1
ELK        HEALTH HAZARDS/SMOKING-RPP<HN> 10-24-2003 10-24-2003   P  C  P    1
ELK        DIVERSITY AWARENESS-RPP<PG>   10-24-2003  10-24-2003   P  C  P    1
PEK        PIANO LESSONS 1               10-17-2001  08-07-2002   P  C  P   42
PEK        PAR DIS 12:30-2:30 R FCI CJ   11-01-1999  04-26-2000   P  C  P   24
PEK        MUSIC 6-8 R FCI               10-24-1998  01-26-1999   P  C  P   20
PEK        ADV LEGAL PRACTIC 7-8:30 T FCI 02-03-1998 04-21-1998   P  C  P   24




G0000         TRANSACTION SUCCESSFULLY COMPLETED
```



## U.S. Department of Justice

### Federal Bureau of Prisons

*Federal Correctional Institution*
*Elkton, Ohio 44415*

Date:     February 11, 2008

Reply To     /S/
Attn Of:     G. Johnson,
Chief Chaplain

Subject:     Program Participation - Calvin Gillings 09245-424 D/A
For Central File

To:     Thomas Zackasee
Case Manger

Please be advised that the above inmate is consistent in the practice of Protestantism in the Religious Services Department. He regularly participates in church services and Bible Studies. He completed a series taught by the chaplain called "The Purpose Driven Life." He has been active in participating in the Protestant choirs as a pianist and director. He has always conducted himself in a respectful and cordial manner in relation to religious services staff and other participating inmates.

File



# U.S. Department of Justice

## Federal Bureau of Prisons

*Federal Correctional Institution*
*Elkton, Ohio 44415*

C. Gillings     09245-424

+ copy to unit team

Date:     January 1, 2009

Reply To
Attn Of:  J. Muransky, SCE

Subject:  Inmate Bonus Awards

To:       A. Johnston, Education Technician

The following inmates assisted with this year's holiday package distribution and are entitled to a bonus.

07245-424

# CERTIFICATE OF WATER BAPTISM

THIS CERTIFIES THAT

<u>Brother Calvin Gillings</u>

## HAS BEEN BAPTIZED IN THE NAME OF OUR LORD AND SAVIOR JESUS CHRIST

CHURCH <u>Elkton International Ministries     Lisbon, Ohio    44432</u>
ON THE <u>Thirty-first</u> DAY OF <u>August</u>
IN THE YEAR OF OUR LORD <u>2011</u>

Pastor _<u>[signature]</u>_

...Repent and be baptized everyone of you in the name of Jesus Christ for the forgiveness of your sins... ACTS 2:38

# Federal Correctional Institution
## Elkton, Ohio
### Certificate of Completion
### Drug Education Program

awarded to:

# Calvin Gillings



D. Yovichin, DTS

February 16, 2010

Date

# Certificate of Achievement




This certifies that

*Calvin Gillings*

has satisfactorily completed

## ACE LEATHERCRAFT

Consisting of __08__ Hours of Training

This certificate is hereby issued this __11__ day of __April__, 20__08__

*Wm. Goodyear*
*Sports Specialist*

# Certificate of Completion

This Certifies that

*Calvin Gillings*

this 23rd day of April 2007, completed a 10-hour course in Beyond Anger

_A. Spooner, Advisor, FCI Elkton, Ohio_

# Certificate of Completion

## F.C.I. Elkton

**IS PRESENTED TO**

### Calvin Gillings

**FOR SUCCESSFULLY COMPLETING THE "DOUBLE OR NOTHING" GAMBLING AWARENESS COURSE**

5-8-2006

H. Swiger, Counselor

# Certificate of Completion

is awarded to

## Gilling





On this 20 day of April 2006 for sucessfully completing the Ace Yoga Class

*J. Colyer, Recreation Specialist*

*Thompson, Instructor*



# ～Certificate of Achievement～



This certifies that

*Calum Gillings*

has satisfactorily completed

**ACE GUITAR CLASS**
Consisting of __40__ Hours of Training



This certificate is hereby issued this __28__ day of __JULY__, 20__05__

*[signature]*
LORD K.W. SEKYI
INSTRUCTOR.



*[signature]*
W. WALSH Sports Specialist





Certificate of **COMPLETION**

Let it be known that

*Calvin Gillings*

has satisfactorily completed all required coursework for

*Parenting from a Distance.*

March 30, 2000

Instructor

Supervisor of Education



P.S. 5330.10
May 25, 1995
Attachment B-1, Page 1

## AGREEMENT TO PARTICIPATE IN THE BUREAU OF PRISONS DRUG EDUCATION COURSE

The Federal Bureau of Prisons offers a full range of drug education and treatment programs for inmates with alcohol and other drug abuse problems. Bureau of Prisons Staff commit to providing quality drug abuse programming to inmates who choose to participate in any one of these program options. Inmates who choose to participate in any of the Bureau's drug programs must acknowledge and agree to a number of program rules and policies prior to admission.

All program participants agree to participate in classes/counseling/group sessions as designated by the BOP Psychology and Drug Treatment Staff.

All program participants agree to refrain from any behavior disruptive to the program or to the participants and staff of the program.

All program participants agree to complete all tasks as assigned.

All program participants agree to take part in the program activities, including group work and homework as assigned.

All program participants agree to accept responsibility for not disclosing inmate information.

All program participants have been informed and understand that they may be expelled from the program for failure to comply with program rules and regulations. Ordinarily, immediate expulsion will result if the participant, pursuant to an incident report is found by the DHO to have: 1) Used or possessed alcohol or drugs; 2) Been violent or threatened violence against staff or another inmate; or 3) committed a 100 series prohibited act.

In addition to the agreements listed above, I understand that if I am required to participate in Drug Education, and then if I withdraw, am expelled, or fail to meet the program requirements, I will be restricted to the lowest pay grade while in the institution and I will be prohibited from participation in community programs unless or until I complete the Drug Education Course.

I understand and consent to the release of information specified below by Bureau of Prisons staff to the appropriate U.S. Probation staff, Community Corrections staff, and Treatment Program staff for the purpose of developing a treatment plan.

The extent and nature of the information to be disclosed includes: substance abuse history; drug program assessment summary treatment progress; relapse prevention plan; and recommendations for continued treatment.

## AGREEMENT/SIGNATURE

I have read, or have had this document read to me, and I understand and agree to the rules and regulation for participation in the treatment option(s) I have initialed in the boxe(s) above.

Calvin Billings
Inmate Name Printed

Calvin Billing
Inmate Signature

09245-424
Register Number

10-5-98
Date

Patricia Huggins
Staff Named Printed

Patricia Huggins
Staff Signature

Drug Treatment Specialist
Staff Title

10-5-98
Date

N:\group\psych\dap\contracts.drg

Legal Mail

NAME: McCalvin Gillings
REG # 09245-424
Federal Correctional Institution Elkton
P. O. Box 10
Lisbon, OH 44432

Pro Se

FIRST CLASS MAIL



09245-424
Charles R Wolle
Judge U.S. Courthouse
123 E Walnut ST
Suite 103
DES Moines, IA 50309
United States

U.S. POSTAGE PAID
LISBON, OH 44432
DEC 12, '11
AMOUNT $0.00